## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

MARKEITH TIMON MONTAVIOUS AGNEW                          PLAINTIFF

V.                          CASE NO. 5:19-cv-05011

OFFICER RANKIN, Rogers Police Department                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff, Markeith Agnew, currently an inmate of the Benton County Detention Center ("BCDC"), has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The Complaint (Doc. 1) is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Complaint, on September 1, 2018, Officer Rankin had received a call about a robbery. Even though Plaintiff's car did not match the description of the car used in the robbery, Plaintiff alleges that when Officer Rankin pulled up "next to me [and] seen what I looked like," he initiated a traffic stop. Plaintiff

1

believes his race (Black) was a part of the reason he was pulled over.

As soon as Plaintiff pulled over, he asserts that Officer Rankin, without a warrant or probable cause, began to search the passenger area of the car and truck and found nothing illegal. Plaintiff's glove compartment was locked, and when it was opened, it contained two firearms. Plaintiff alleges the firearms were legal.

Plaintiff contends he was arrested on fraudulent charges. As a result, Plaintiff asserts he has "lost everything;" his name has been slandered; and he missed the birth of his child. As relief, Plaintiff seeks compensatory damages for his pain and suffering, his name being slandered, and his vehicle's value. He also seeks punitive damages.

## II. DISCUSSION

Plaintiff is currently charged in the name of Timon Agnew a/k/a Timon Montavious Agnew, in the Benton County Circuit Court with aggravated robbery, aggravated assault, terroristic threatening, and solicitation for witness bribery. *State v. Agnew*, 04-CR-18-1945[1]; *State v. Agnew,* 04-CR-18-2366.[2] The offense date for the charges in both cases is September 1, 2018. Reference to the current docket sheets show that the cases are still open, and Plaintiff has a pre-trial hearing scheduled for March 18, 2019, in both cases.

---

[1] https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_fr ames?backto=P&case_id=04CR-18-1945&begin_date=&end_date=    (accessed January 28, 2019).

[2] https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_fr ames?backto=P&case_id=04CR-18-2366&begin_date=&end_date=    (accessed January 28, 2019).

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Plaintiff's state criminal cases are ongoing. Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *See, e.g., Gillette v. N.D. Disc. Bd. Counsel,* 610 F.3d 1045, 1046 (8th Cir. 2010). With respect to Plaintiff's claims that he was arrested without probable cause and his vehicle was unlawfully searched, Plaintiff may raise these constitutional claims in his state criminal cases and move for the suppression of any evidence unlawfully obtained.

"If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.,* 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982)). There is no evidence of bad faith or other extraordinary circumstance.

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case

3

involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs,* 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id.* at 730. It is therefore appropriate to stay Plaintiff's claims.

### III. CONCLUSION

This case is **STAYED** until Plaintiff's state criminal cases have been fully resolved. Plaintiff may file a motion to reopen the case at that time if any issues remain for adjudication.

The Clerk of Court is directed to **ADMINISTRATIVELY TERMINATE THE CASE.** **IT IS SO ORDERED** on this 31st day of January, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT COURT